Dear Mr. Mallet:
You have requested an opinion of the Attorney General regarding the disposition of public property owned by the City of Carencro that is no longer needed for public purposes. In the facts provided, you state that the property at issue was an old Union Pacific Railroad right-of-way that was recently acquired by the City from the railroad, through quitclaim deed.
You stated that the property now represents a significant liability to the City and that the City would like to sell the property to the land owners owning property contiguous to the former railroad property at issue. The City would like to sell the property to these specific land owners owning contiguous property, to avoid creating any additional problems or liability that the City may later experience as a result of potential successful bidders purchasing land at public auction.
You specifically ask if the City is able to sell individual lots to contiguous land owners, or whether the sale of said property could be accomplished through cooperative endeavor agreements, "whereby the City would agree to have specific lots surveyed and appraised, on the condition that the contiguous property owner would agree to purchase the lot in question, said purchase price to include all costs incurred by the City in readying the lot for sale and transfer of ownership of the same."
Our office is of the opinion that the City may sell the lots to the contiguous land owners through private sale, but that a cooperative endeavor agreement is not necessary to accomplish such a sale. Cooperative endeavor agreements allow the State and its political subdivisions to engage in cooperative endeavors with nearly any juridical person for a public purpose. While cooperative endeavor agreements are allowed pursuant to La.Const. Art. VII, § 14 (C), La.R.S. 33:4712
provides the law applicable to sale of surplus property by a municipality, such as the City of Carencro. La. 33:4712 (A) states as follows: *Page 2 
 A municipality may sell, lease for a term of up to ninety-nine years, exchange, or otherwise dispose of, to or with other political corporations of this state, or private persons, at public or private sale, any property, or portions thereof, including real property, which is, in the opinion of the governing authority, not needed for public purposes.
Therefore, the City of Carencro may sell any property, which is not needed for public purposes, at public or private sale to private persons. As a general rule, the Attorney General's office refrains from conducting factual evaluations and makes no determination of the City's need for the property at issue for public purposes. However, it should be noted that as long as the governing authority of the City is of the opinion that the property at issue is no longer needed for public purposes, La.R.S. 33:4712 allows the sale of this property currently owned by the City, to private persons through private sale as long as fair market value is received. Failure to receive fair market value for the property would amount to a donation of public funds which is expressly prohibited by Article VII, Section 14 of the Louisiana Constitution.
Regarding procedure, La.R.S. 33:4712 further states as follows:
 B. Except as otherwise provided in this Section, before disposition can be made of property under the provisions of this Subpart, an ordinance must be introduced, giving the reasons for the action on the part of the governing authority, and fixing the minimum price and terms of the sale, lease, exchange, or other contract to be made with reference to the property.
As a side note, La.R.S. 33:4712 (C) allows interested parties to file written opposition to any such ordinance with the clerk or secretary of the municipality within fifteen days after posting of the above notice or its first publication. If the ordinance is adopted, it shall not become effective until ten days after its passage, during which time any interested citizen may apply to the district court having jurisdiction of the municipality for an order restraining the disposition of the property. After the ordinance becomes effective, it cannot be contested for any reason.
La. Atty. Gen Op. 06-0236 addressed a similar issue in the past when the City of Lake Charles sought to sell surplus immovable property pursuant to La.R.S. 33:4712. The City of Lake Charles's primary concern was whether or not it could reserve the right to reject the highest dollar bid submitted. In that instance, our office opined that if such a right were reserved this would not actually result in a sale of the property for fair market value. The property must be sold for fair value. A sale of the property for less than fair market value amounts to a donation of public funds which is prohibited by Article VII, Section 14 of the Louisiana Constitution as explained above. Our office further declared *Page 3 
"that there is no prohibition against a private sale;" however "as a matter of good public policy and out of an abundance of caution, it is the opinion of this office that the proposed sale of surplus immovable property be made public."[1]
Therefore, the governing authority of the City of Carencro may introduce an ordinance to sell the former railroad property now owned by the City, [2] for a public purpose, provided that the reasons for selling the property, the minimum price, and the terms of the sale or any other contract made with reference to the property at issue are included in the ordinance.
Should the City of Carencro elect to sell the property privately, a non-collusion affidavit required by La.R.S. 38:2213 must be executed and entered into the official record of the proceedings of the City at least seven days prior to the sale.[3]
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly, JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:__________________________ DANIIEL D. HENNRY JR. Assistant Attorney General
 JDC/DDH/jv
[1] La. Atty. Gen. Op. 06-0236; citing La. Atty. Gen. Op. 01-06.
[2] The City of Carencro may only sell what it owns. In your request for this Attorney General Opinion, you stated that the property at issue was acquired by the City from the Union Pacific Railroad through a quitclaim deed; it follows that any transfer of ownership to private parties should also be accomplished through quitclaim deed.
[3] La. Atty. Gen. Op. 06-0236.